

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 08-32362-H4-11 |
| WILL CLAY PERRY, | § § | Chapter 11 |
| Debtor. | § § § | |
| WILL CLAY PERRY, Plaintiff, | § § § | |
| v. | § § | Adversary No. 08-03465 |
| ONE SUGAR LAKES PROFESSIONAL CENTRE PARTNERS, LP; COSTA BAJJALI; DAVID WALLACE; and W.C. PERRY PROPERTIES, L.P., Defendant. | § § § § § § | |

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS, DAVID WALLACE AND COSTA BAJJALI
[Adv. Docket No. 38]

### I. INTRODUCTION

On May 6, 2009, Will Clay Perry (the Plaintiff), the plaintiff in the above referenced adversary proceeding, filed Plaintiff's Motion for Partial Summary Judgment Against Defendants, David Wallace and Costa Bajjali (the Motion). [Adv. Docket No. 38.] The Motion requests that this Court grant summary judgment and disallow, in part, David Wallace's and Costa Bajjali's (the Guarantor Defendants) individual proofs of claim. Neither Guarantor Defendant has filed a response. For the reasons set forth below, this Court concludes that the Plaintiff has failed to meet his burden of establishing that there are no genuine issues of material fact with respect to his claim objections, and therefore, the Motion should be denied.

## II. FINDINGS OF FACT

1. On March 13, 2006, W.C. Perry Properties, L.P. (Perry Properties) entered into the lease with One Sugar Lakes Professional Centre Partners, LP (Sugar Lakes) for lease of office space in the One Sugar Lakes Professional Center located at 15140 Southwest Freeway, Sugar Land, Texas 77478. Under the terms of the lease, "Minimum Annual Rent" was to be paid in monthly installments of $18,074.00. Other rents are described in the lease under the heading, "Additional Rents." Additional items included, but were not limited to, "charges for real estate taxes, shopping center operating costs, association dues or promotional fund charges, insurance premium, and utilities." In accordance with the lease, these items are "calculated according to various billing periods." [Adv. Docket No. 38, Ex. A.]

2. On March 1, 2006, the Plaintiff and both Guarantor Defendants executed a Guaranty of Lease. [Adv. Docket No. 38, Ex. A-G1.]

3. On April 11, 2008, the Plaintiff filed a voluntary Chapter 11 Petition in this Court. [Case No. 08-32362, Docket No. 1.]

4. On May 15, 2008, Sugar Lakes notified the Guarantor Defendants, through correspondence dated May 15, 2008, that the tenant, Perry Properties, was in default of the lease. [Adv. Docket No. 38, Ex. B, Annex 3; Ex. C, Annex 2.]

5. On May 16, 2008, Costa Bajjali (Bajjali) filed his original proof of claim, assigned claim number 15, in the Clerk's Registry of Claims. The amount of Bajjali's claim totaled $15,644,767.64. [Adv. Docket No. 38, Ex. B, p.1.]

6. On May 16, 2008, David Wallace (Wallace) filed his original proof of claim, assigned claim number 16, in the Clerk's Registry of Claims. The amount of his claim totaled $13,579,378.00. [Adv. Docket No. 38, Ex. C, p.1.]

7. On July 15, 2008, Sugar Lakes notified the Guarantor Defendants that neither they nor Perry Properties had cured the default. The amount stated as due and payable on that date equaled $769,378.00. [Adv. Docket No. 38, Ex. B, Annex 3; Ex. C, Annex 2.]

8. On August 20, 2008, Bajjali filed an amended proof of claim. The amended proof of claim asserts nine causes of action. The claim at issue is based on alternative theories of indemnification and fraud. The claim states that "Bajjali was recently notified of landlord's intent to file suit against him as guarantor to collect $769,378.00 in unpaid rent due under the lease." Bajjali seeks the sum of $769,378.00 in unpaid rent due under Perry Properties' lease with Sugar Lakes. [Adv. Docket No. 38, Ex. B, p.3.]

9. On August 20, 2008, Wallace filed an amended proof of claim. The amended proof of claim asserts six causes of action. The claim at issue is based on alternative theories of indemnification and fraud. The claim states that "Wallace was recently notified of landlord's intent to file suit against him as guarantor to collect $769,378.00 in unpaid rent due under Perry Properties' lease." Wallace seeks the sum of $769,378.00 in unpaid rent due under the lease with Sugar Lakes. [Adv. Docket No. 38, Ex. C, p.2.]

10. On May 6, 2009, the Plaintiff filed the Motion against the Guarantor Defendants. [Adv. Docket No. 38.] In the Motion, "[the] Plaintiff sought summary judgment against [the Guarantor Defendants] disallowing their proofs of claim in part." [Adv. Docket No. 38, p.2.] Specifically, the Plaintiff asserts that the "Guarantor Defendants' proofs of claim should be

disallowed to the extent that they are in excess of the limitations under § 502(b)(6) of Title 11." [Adv. Docket No. 38, p.5.] The Plaintiff raises two issues: (1) whether § 502(b)(6) applies to a co-guarantor; and (2) whether the Guarantor Defendants' claims should be limited to a maximum claim amount of $216,888.00 based on calculations pursuant to § 502(b)(6). [Adv. Docket No. 38, p.5-6.] This amount was calculated using only minimum rental payments. [Adv. Docket No. 38, p.6.] From this amount, the Plaintiff seeks "summary judgment disallowing the proofs of claim 15 and 16 to the extent that they exceed[ed] $216,888.00." [Adv. Docket No. 38, p.6.] However, summary judgment is only sought as to the amount asserted in the Guarantor Defendants' respective proofs of claim based on indemnification. [Adv. Docket No. 38, p.3-4.] The Motion makes no mention of the Guarantor Defendants' fraud claims.

### III. CONCLUSIONS OF LAW

**A.     Jurisdiction and Venue**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). This matter is also a core proceeding under the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under [§] 157 if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") *In re Ginther Trusts,* No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core proceedings under § 157(b)(2)

does not specifically name this particular circumstance"). Venue is proper pursuant to 28 U.S.C. § 1409.

**B.     Summary Judgment**

Summary Judgment is appropriate under Federal Rule of Civil Procedure 56 if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Washington*, 901 F.2d at 1286. "The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains." *Id.* (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986)). To that end, this Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Id.* (quoting *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)). "Where the record taken as [a] whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

**C.     The Plaintiff seeks summary judgment against the Guarantor Defendants' proofs of claims only on the basis of indemnification.**

The Guarantor Defendants' individual claims for $769,380.00 were each pursued under alternative theories of indemnification and fraud. [Finding of Fact Nos. 8 & 9.] However, the Motion only addresses the indemnification component of the Guarantor Defendants' claims. Their claims stemming from fraud are not referenced in the Motion. Therefore, any and all issues raised by the Plaintiff in the Motion concern only the Guarantor Defendants' indemnification claims.

[Finding of Fact No. 10.] The key issue raised by the Plaintiff involves applying the damages limitation spelled out in 11 U.S.C. § 502(b)(6) to the Guarantor Defendants' proofs of claim.[1]

### D. The Plaintiff has misapplied 11 U.S.C. § 502(b)(6) with respect to the Guarantor Defendants' proofs of claim.

Although the Plaintiff is correct in asserting that § 502(b)(6) applies to the Guarantor Defendants, the Plaintiff has miscalculated the applicable limitation on the Guarantor Defendants' claims. According to the Plaintiff, both Guarantor Defendants' claims are limited to the greater of: (1) one year of rent without acceleration; or (2) 15% of three years rent with acceleration. The Plaintiff calculates each of the Guarantor Defendants' claims at $216,888.00 and $97,599.60, respectively, under each scenario. Under § 502(b)(6), the Plaintiff asserts that, as a matter of law, the Guarantor Defendants' claims must be limited to a maximum amount of $216,888.00. [Finding of Fact No. 10.]

#### 1. The Plaintiff has misapplied 11 U.S.C. § 502(b)(6)(A).

The Plaintiff has incorrectly applied § 502(b)(6)(A) because he has failed to include all permissible rent charges in his calculation. "Rent," as described in § 502(b)(6), may include charges other than the minimum base rent due under a lease. *In re Metals USA, Inc.*, 2004 WL 771096, at *3 (Bankr. S.D. Tex. Apr. 2, 2004); *In re Mr. Gatti's, Inc.*, 162 B.R. 1004, 1012-13 (Bankr. W.D. Tex. 1994). Texas courts have followed the test used in *Metals USA* and *Mr. Gatti's*, which allows additional charges to be included along with the base rent when:

---

[1] The Plaintiff has also raised issue as to whether the damage limitation spelled out in 11 U.S.C. § 502(b)(6) should apply to co-guarantors in addition to lessors/landlords. [Finding of Fact No. 10.] The Plaintiff is correct that the § 502(b)(6) damage limitation applies to the claim of a guarantor debtor. *In re Regal Cinemas, Inc.*, 393 F.3d 647, 651 (6th Cir. 2004); *In re S. Cinemas, Inc.*, 256 B.R. 520, 535-536 (M.D. Fla. 2000); *Chase Manhattan Bank, N.A. v. Franchi*, 1991 WL 161359, at *4 (S.D.N.Y. Aug. 16, 1991); *In re Denby Stores, Inc*, 86 B.R. 768, 781 (Bankr. S.D.N.Y. 1988). However, the Plaintiff fails on the key issue of correctly applying 11 U.S.C. § 502(b)(6)(A)-(B) to the Guarantor Defendants' proofs of claim.

(1) the charge must: (a) be designated as "rent" or "additional rent" in the lease; or (b) be provided as the tenant's lessee's obligation in the lease;

(2) the charge must be related to the value of the property or the lease thereon; and

(3) the charge must be properly classifiable as rent because it is a fixed, regular or periodic charge.

*In re Metals USA, Inc.*, 2004 WL 771096, at *3.

The following items are stated on the lease agreement under the heading, "Additional Rent": real estate taxes; shopping center operating costs; association dues or promotional fund charges; insurance premiums; and utilities. [Finding of Fact No.1.] Courts have allowed insurance payments and real estate taxes to be included along with base rent. *In re Metals USA, Inc.*, 2004 WL 771096, at *3. Under the lease, "Additional Rent" items were charged "according to various billing periods." [Finding of Fact No. 1.] The Plaintiff has failed to discuss or include additional rents in his calculation of both of the Guarantor Defendants' claims for indemnity under § 502(b)(6)(A). [Finding of Fact No. 10.] Therefore, the Plaintiff has not taken into account all of the items required under §506(b)(6)(A).

### 2. The Plaintiff has failed to apply § 502(b)(6)(B) in its entirety.

The Plaintiff also misapplies § 502(b)(6)(B). Section 502(b)(6)(B) states: "any unpaid rent due under such lease, without acceleration, on the earlier of such dates." 11 U.S.C. § 502. Both the plain language and the structure of § 502(b)(6) indicate that § 502(b)(6)(A) and § 502(b)(6)(B) are to be read together. The last word in § 502(b)(6)(A), "plus", indicates that the two sections must be read together when calculating the limitation. 11 U.S.C. § 502. The Plaintiff has failed to include

unpaid rents in his calculation, let alone state whether any unpaid rents existed. [Finding of Fact No. 10.]

In sum, there still remains a genuine issue of material fact as to the maximum amount of the Guarantor Defendants' indemnity claim due to the Plaintiff's misapplication of §§ 502(b)(6)(A) and (B). There still remain genuine issues of material fact as to whether the Guarantor Defendants' respective indemnity claims include unpaid and additional rents, for the purposes of calculating the damage limitation under § 502(b)(6). Additionally, this Court will not address the Guarantor Defendants' alternative theory that the proofs of claim should be allowed on the basis of fraud because the Plaintiff did not seek summary judgment on the fraud cause of action. Thus, there remains a genuine issue of material fact as to the amount of each Guarantor Defendants' fraud claim.

## IV. CONCLUSION

The Court notes that it has examined the Motion only under the grounds brought forth by the Plaintiff and refrains from considering alternative theories when ruling on the Motion. The only basis which the Plaintiff moves for partial summary judgment is 11 U.S.C. § 502(b)(6). The Plaintiff has not raised any other provision of the Bankruptcy Code or any other theory under Texas state law. For the reasons set forth above, the Court concludes that the Motion should be denied. An order consistent with this Opinion will be entered on the docket simultaneously with the entry on the docket of this Opinion.

Signed on this 26th day of August, 2009.

Jeff Bohm
United States Bankruptcy Judge