

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/26/2009

| | | |
|---|---|---|
| **In re:** § <br> § <br> **WILL CLAY PERRY,** § <br> § <br> Debtor. § <br> § <br> § | | Case No. 08-32362-H4-11 |
| **WILL CLAY PERRY,** § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **ONE SUGAR LAKES PROFESSIONAL** § <br> **CENTRE PARTNERS, LP; COSTA** § <br> **BAJJALI; DAVID WALLACE; and** § <br> **W.C. PERRY PROPERTIES, L.P.,** § <br> Defendants. § | | Adversary No. 08-03465 |

**MEMORANDUM OPINION ON MOTION FOR PARTIAL, NO EVIDENCE SUMMARY
JUDGMENT AGAINST DEFENDANTS DAVID WALLACE AND COSTA BAJJALI**
[Adv. Docket No. 39]

### I. INTRODUCTION

On May 13, 2009, Will Clay Perry, the plaintiff in the above referenced adversary proceeding (the Plaintiff), filed a Motion for Partial, No Evidence Summary Judgment Against Defendants David Wallace and Costa Bajjali (the Motion). [Adv. Docket No. 39.] The Motion requests that this Court grant summary judgment and dismiss with prejudice the nondischargeability claims of David Wallace and Costa Bajjali (the Guarantor Defendants) brought against the Plaintiff under 11 U.S.C. §§ 523(a)(2)(A) and (4). The Guarantor Defendants did not file a response. For the reasons set forth below, the Court concludes that the Plaintiff has failed to meet his burden of establishing that there

is no genuine issue of material fact as to the claim objections, and therefore, the Motion should be denied.

## II. FINDINGS OF FACT

1. On April 11, 2008, the Plaintiff filed his voluntary Chapter 11 petition in this Court.

2. On August 20, 2008, the Guarantor Defendants filed claims against the Plaintiff for damages arising from their guaranties of the lease agreement with One Sugar Lakes Professional Centre Partners, LP (Sugar Lakes). The Guarantor Defendants brought their claims under the indemnification agreement between the Plaintiff and the Guarantor Defendants in Adversary Proceeding Number 08-03299, *David Wallace, et al. v. Will Clay Perry*. In that Adversary Proceeding, the Guarantor Defendants alleged that their indemnification claims are nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (4). [Adv. Docket No. 1.]

3. On March 10, 2009, the Plaintiff filed a Motion to Sever Certain Claims from Adversary Proceeding Number 08-03299 and to Consolidate Those Claims into this Adversary Proceeding. [Adv. Docket No. 22.]

4. On March 17, 2009, this Court entered its Order Granting Perry's Motion to Sever Claims and to Consolidate those Claims with Adversary Number 08-03465. [Adv. Docket No. 26.] This order severed Guarantor Defendants' indemnification claims related to the lease agreement guaranties from Adversary No. 08-03229 and transferred those claims to this adversary proceeding. [Adv. Docket No. 26.]

5. On May 13, 2009, the Plaintiff sought a no evidence summary judgment as to the nondischargeability claims brought by the Guarantor Defendants. [Adv. Docket No. 39.] In the Motion, the Plaintiff contends that there is no evidence that the alleged debt owed to the

Guarantor Defendants under the indemnification agreement is a result of false pretenses, false representations, fraud, embezzlement, or larceny. The Plaintiff never cites to specific portions of the record to support his conclusions. [Adv. Docket No. 39.] The Guarantor Defendants did not file a response.

### III. CONCLUSIONS OF LAW

#### A.    Jurisdiction and Venue

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (I), and (O). This matter is also a core proceeding under the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under [§] 157 if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") *In re Ginther Trusts,* No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance"). Venue is proper pursuant to 28 U.S.C. § 1409.

#### B.    Summary Judgment Standard

"Summary judgment is appropriate under Fed. R. Civ. P. 56 if the record discloses 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990) (quoting Fed. R. Civ. P. 56). "The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains." *Id.* (citing *Celotex*

*Corp v. Catrett*, 477 U.S. 317, 322-23 (1986)). To that end, this Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Id.* (quoting *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)). "Where the record taken as [a] whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

C. **"No Evidence" Summary Judgment Standard Does Not Apply to Federal Courts**

The Plaintiff's motion is titled, "Motion for Partial, No Evidence Summary Judgment". [Finding of Fact No. 5.] However, as discussed below, the "no evidence" standard does *not* apply in federal courts. The "no evidence" standard only applies in Texas state courts. The distinction between the summary judgment standard and the "no evidence" summary judgment standard is discussed below.

The parties' initial burden of proof distinguishes the summary judgment standard from the "no evidence" summary judgment standard. Under the "no evidence" standard, the *non-moving* party has the burden of proof to establish a genuine issue of material fact for trial. Tex. R. Civ. P. 166a(i). However, under the summary judgment standard, the *moving* party always has the initial burden of proof. *Celotex*, 477 U.S. at 323.

Although a "no evidence" standard applies in Texas state courts,[1] it has no application to federal courts. *Castenada v. Flores*, 2007 WL 1671742, at *2 (S.D. Tex. June 8, 2007); *Royal Surplus Lines Ins. Co. v. Brownsville Indep. School Dist.*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005)

---

[1] "After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i).

("The concept of a "no evidence" summary judgment neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure."); *In re Hydro Action*, 341 B.R. 186, 194 (Bankr. E.D. Tex. 2006) ("While federal law clearly contemplates summary judgment in circumstances where there is truly no evidence of an essential element, the party moving for summary judgment must make some showing that evidence on an essential point is wholly lacking."). Accordingly, Federal Rule of Civil Procedure 56 shall apply to this suit as stated *supra* Part III.B. *Castenada*, 2007 WL 1671742, at *2; *Royal Surplus Lines Ins. Co.*, 404 F. Supp. 2d at 948.

In the Motion, the Plaintiff cites to *National Association of Government Employees v. City Public Service Board of San Antonio, Texas*, 40 F.3d 698, 712 (5th Cir. 1994) in order to persuade the Court to grant the Motion and adopt the "no evidence" standard. However, *National Association of Government Employees* does not involve, or even mention, a "no evidence" summary judgment standard. The Motion simply states that the moving party may show that there is no genuine issue of material fact by "point[ing] out the absence of evidence supporting the nonmoving party's case." *Id.*

In sum, the "no evidence" standard does not apply in federal courts even though it applies in Texas state courts. Essentially, there is no such thing as a "no evidence" summary judgment under Federal Rules. Therefore, Federal Rule of Civil Procedure 56 applies to this suit.

### D. Plaintiff Has Failed to Meet His Initial Burden Under Federal Rule of Civil Procedure 56.

The Court will apply the appropriate federal standard to the Motion. The moving party "always bears the initial responsibility of informing the [C]ourt of the basis for its motion, and

identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove its case." *In re Hydro-Action, Inc.*, 341 B.R. 186, 193 (Bankr. E.D. Tex. 2006); *Castenada*, 2007 WL 1671742, at *2. "If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). Here, the Plaintiff merely lists the elements of the Guarantor Defendants' claims and states that there is no evidence to support the elements. [Finding of Fact No. 5.] The Plaintiff never cites the record in order to demonstrate specifically how the evidence therein fails to give rise to genuine fact issues. [Finding of Fact No. 5.] Therefore, the Plaintiff has failed to meet the initial burden required of the moving party in a motion for summary judgment.

## IV. CONCLUSION

For the reasons stated herein, the Court concludes that the Motion should be denied. An order consistent with this Opinion will be entered on the docket simultaneously with the entry on the docket of this Opinion.

Signed on this 26th day of August, 2009.

_____
Jeff Bohm
United States Bankruptcy Judge