

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/26/2009

| | | |
|---|---|---|
| In re: | § § | Case No. 08-32362-H4-11 |
| WILL CLAY PERRY, | § § | Chapter 11 |
| Debtor. | § § | |
| | § § | |
| WILL CLAY PERRY, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| ONE SUGAR LAKES PROFESSIONAL CENTRE PARTNERS, L.P.; COSTA BAJJALI; DAVID WALLACE; and W.C. PERRY PROPERTIES, L.P. | § § § § § | Adversary No. 08-03465 |
| Defendants. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S TRADITIONAL PARTIAL MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT DAVID WALLACE**
[Adv. Docket No. 50]

### I. FINDINGS OF FACT

1. One Sugar Lakes Professional Centre Partners, L.P. (Sugar Lakes) owns the property located at 15140 Southwest Freeway, Sugar Land, Texas 77478, in Fort Bend County, Texas. The property contains a two-story commercial building (the Building) with approximately 10,863 square feet of space available.

2. On March 1, 2006, Will Clay Perry (Perry or the Plaintiff), Costa Bajjali (Bajjali), and David Wallace (Wallace) executed a Guaranty of Lease with respect to the lease of the Building by W.C. Perry Properties (Perry Properties).

3. On March 13, 2006, Sugar Lakes and Perry Properties entered into a sixty-month commercial lease agreement for the Building (the Lease).

4. On November 15, 2006, the Plaintiff executed an agreement with the following parties in which he purchased their partnership interests in Perry Properties (the Purchase Agreement): Bajjali, Jacquelyn Marie Wallace 1996 Sub-S Trust (the Jacquelyn Wallace Trust), and Whitney Leigh Wallace 1996 Sub-S Trust (the Whitney Wallace Trust). In section 7.1 of the Purchase Agreement, the Plaintiff agreed to indemnify Bajjali, the Jacquelyn Wallace Trust, and the Whitney Wallace Trust for any liability arising from personal guaranties made prior to the closing in connection with the operations of Perry Properties.

5. The minimum rent under the Lease was $18,074.00 per month. Perry Properties paid an additional $2,720.04 in monthly rent for a total monthly rent amount of $20,794.04.

6. On April 11, 2008, Perry filed a Chapter 11 petition in this Court. [Case No. 08-32362, Docket No. 1.] On April 22, 2008, the Court issued a Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines, setting the deadline to file a Proof of Claim for August 20, 2008. [Case No. 08-32362, Docket No. 12.]

7. On August 21, 2008, Sugar Lakes filed suit in the 400th Judicial District Court in Fort Bend County, Texas for breach of the Lease against Perry Properties, and for breach of guaranty against Wallace and Bajjali.

8. On November 6, 2008, Sugar Lakes filed an amended proof of claim in Perry's Chapter 11 case, asserting a claim for $544,280.53, representing the accelerated amount of all rental payments due under the Lease.

2

9. On June 30, 2009, Perry filed Plaintiff's Traditional Partial Motion for Summary Judgment Against Defendant, David Wallace (the Motion). [Docket No. 50.]

## II. CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

The Court has jurisdiction over this adversary proceeding, and the motions brought in this adversary proceeding, pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). This matter is also a core proceeding under the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under Section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *In re Ginther Trusts*, No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance"). Venue is proper pursuant to 28 U.S.C. § 1409.

### B. Summary Judgment Standard

"Summary judgment is appropriate under Fed. R. Civ. P. 56 if the record discloses that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Wash. v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990) (internal marks and citations omitted). "The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). To that end, this Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Id.* (quoting *Reid v. State*

*Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)). "Where the record taken as [a] whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### C. The indemnity sections of the Purchase Agreement are not applicable to Wallace.

Wallace is not subject to the indemnity provisions in the Purchase Agreement because: (1) he is not a named party to the agreement; (2) he did not sign for the Jacquelyn Wallace Trust or the Whitney Wallace Trust; and (3) he is not a third party beneficiary. Under Texas law, a person must be in privity of contract in order to recover in any action based on breach of contract. *Interstate Contracting Corp. v. City of Dallas*, 135 S.W.3d 605, 618 (Tex. 2004) (citing *Republic Nat'l Bank v. Nat'l Bankers Life Ins., Co.*, 427 S.W.2d 76, 79 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e.)). The Plaintiff has asserted an affirmative defense that Wallace does not have standing to seek indemnification under the Purchase Agreement. Under the Purchase Agreement, only Bajalli, the Jacquelyn Wallace Trust, and the Whitney Wallace Trust are listed as the "Sellers" of the partnership and only Perry and the "Sellers" have agreed to indemnify one another in the event of default. The applicable section of the Purchase Agreement reads as follows:

> "Perry hereby agrees to indemnify, defend and hold harmless the Sellers from all liabilities, obligations, indebtedness and claims arising from the personal guarantees made by the Sellers prior to the closing in connection with the operations of the Partnership and its affiliates, including W.C. Perry Properties Investments, LLC and W.C. Perry Properties Realty Fund, LP. Each of the Sellers hereby agree to indemnify, defend and hold harmless Perry from all liabilities, obligations, indebtedness and claims arising from the personal guarantees made by Perry, if any, in connection with the operations of WBIF and its affiliates."

[Adv. Docket No. 50-2.] Wallace is not a signatory to the Purchase Agreement, nor did he sign as trustee for the Wallace Trusts. He is also not defined as a "Seller" under the Purchase Agreement.

However, under certain limited circumstances, third-party beneficiaries may be excepted from the general rule that a party must be in privity of contract in order to bring an action to enforce the terms of an agreement. *See Republic Nat'l Bank*, 427 S.W.2d at 79 (citing 13 Tex. Jur. 2d, Contracts, § 352, pp. 628-29; 17A C.J.S. Contracts § 519(1), p. 947, *et seq.*). Because Wallace is not a named party to the Purchase Agreement, he may only bring an action under the indemnity provision of that agreement if he is a third party beneficiary. "A party suing as a third-party beneficiary must demonstrate that (1) it is not be privy to the written agreement, (2) the contract was actually made for its benefit and (3) that the contracting parties intended that it benefit by it." *Hellenic Inv., Inc. v. Kroger Co.*, 766 S.W.2d 861, 864 (Tex. App.—Houston [1st Dist.] 1989, no writ) (citing *Republic Nat'l Bank*, 427 S.W.2d 76).

The court in *Hellenic* defines "privy" as meaning a party to the contract. *Hellenic Inv., Inc.*, 766 S.W.2d at 865. As stated above, Wallace is not a signatory to the Purchase Agreement; he did not sign as a trustee for the Wallace Trusts, and the Purchase Agreement did not define him as a "Seller." Wallace was therefore not privy to the Purchase Agreement. Therefore, the first element for third party beneficiary status is satisfied.

However, Wallace has failed to prove that the Purchase Agreement was actually made for his benefit and that the contracting parties intended that the Purchase Agreement be for his benefit. "When parties have executed a written contract, . . . the search for the parties' intent regarding a third-party beneficiary is limited to the four corners of the written instrument." *Talman Home Fed. Sav. & Loan Ass'n of Ill. v. Am. Bankers Ins.*, 924 F.2d 1347, 1352 (5th Cir. 1991) (quoting *Hellenic Inv., Inc.*, 766 S.W.2d at 846). The only reference to Wallace within the four corners of the Purchase Agreement appears in section 6.5, which mentions a vehicle that was originally leased by Perry

5

Properties for use by Wallace. According to section 6.5 of the Purchase Agreement, the Plaintiff agreed to allow the "Sellers," which does not include Wallace, to use the leased vehicle in lieu of Wallace. Thus, the only reference to Wallace allows the Jacquelyn Wallace Trust and the Whitney Wallace Trust to use a company vehicle that Wallace had been using. Section 6.5 was not intended to benefit Wallace; rather, if anything, it deprives him of rights he previously enjoyed. Under these circumstances, this Court can only conclude that: (1) the Purchase Agreement was not entered into for Wallace's benefit; and (2) the parties to the Purchase Agreement did not intend that the Purchase Agreement benefit Wallace. Accordingly, the second and third elements required to establish that Wallace is a third party beneficiary are not satisfied.

In sum, there is no genuine issue of material fact with respect to whether Wallace has standing to bring an indemnity claim pursuant to the Purchase Agreement. Wallace is not a party to the Purchase Agreement, nor is he a third-party beneficiary. Thus, the Motion is granted insofar as there is no genuine issue as to whether Wallace may seek indemnification from Perry under the Purchase Agreement.

### D. The Plaintiff lacks standing to bring a claim for contribution.

The Plaintiff, Wallace, and Bajjali all signed a Guaranty of Lease Agreement for the Lease. "A guaranty creates a secondary obligation whereby the guarantor promises to answer for the debt of another, and a creditor may call upon the guarantor to perform once the primary obligor has failed to perform." *Garner v. Corpus Christi Nat. Bank*, 944 S.W.2d 469, 475 (Tex. App.—Corpus Christi 1997, writ denied) (citing *Republic Nat'l Bank v. Nw. Nat'l Bank*, 578 S.W.2d 109, 114 (Tex. 1978)). "For well over a hundred years, it has been a 'general and familiar rule of law' that, as among coguarantors, each will bear his proportional part of the burden to the effect that should one

of them pay more than his proportional part, the others will contribute equally to indemnify him for any amount in excess of his proportional part." *Lavender v. Bunch*, 216 S.W.3d 548, 554 (Tex. App.—Texarkana 2007, no pet.) (citing *Merchants' Nat'l Bank v. McAnulty*, 89 Tex. 124, 33 S.W. 963 (1986); *Sisco v. Briones*, 809 S.W.2d 524 (Tex. App.—San Antonio 1991, no writ); *Byrd v. Estate of Nelms*, 154 S.W.3d 149 (Tex. App.—Waco 2004, no pet.)). In the instant suit, the Plaintiff, Wallace, and Bajjali have agreed to contribute equally for Perry Properties' failure to adhere to the payment terms under the Lease.

However, although a valid guaranty has been executed by the parties, the Plaintiff is not entitled to bring a claim for contribution against Wallace at this time. In Texas, a claim for contribution may only be brought after the claim has become a "fixed" liability. *See In re Today's Destiny, Inc.*, 388 B.R. 737, 758 n.19 (Bankr. S.D. Tex. 2008). The Honorable Marvin P. Isgur, one of the undersigned judge's colleagues in the Souther District of Texas, has acknowledged that a fixed claim may provide an adequate basis for a debtor to bring a contribution claim against another party, but took care to explain that

> [t]his Court does not hold that a proof of claim is equivalent to a commencement of a lawsuit for *all* purposes. The Court's ruling is limited to whether a proof of claim is equivalent to commencement of a civil lawsuit for purposes of the Texas Proportionate Responsibility Statute. Based on Fifth Circuit precedent and the text of the Texas Statute, the Court holds that a debtor can assert a contribution claim for liability arising from a *fixed* proof of claim.

*In re Today's Destiny, Inc.*, 388 B.R. at 758 n.19 (emphasis added). The Debtor's "liability is not fixed by the mere filing of proofs of claims because [debtor] continues to have the right to object to those claims and litigate its liability." *UNR Industries Inc.*, 92 B.R. 319, 328 (N.D. Ill. 1998).

In the instant suit, the Plaintiff has objected to Sugar Lakes's amended proof of claim, but this Court has not made a final determination as to the validity of Sugar Lakes's claim. "Because no contribution right arises without liability, a determination of liability is a necessary prerequisite to recover on a contribution claim. An order fixing [debtor]'s liability on [claimant]'s proof of claim accomplishes the same purpose of determining liability." *In re Today's Destiny, Inc.*, 388 B.R. at 755 n.17. According to this reasoning, the Plaintiff may not preemptively assert a claim for contribution merely because Sugar Lakes has filed a proof of claim. Indeed, this adversary proceeding was initiated by the Plaintiff specifically because he disputes the amount asserted by Sugar Lakes in its amended proof of claim. Because Sugar Lakes's claim has not yet been "fixed," the Plaintiff may not, at this time, properly bring a contribution claim against Wallace. Therefore, the Motion is denied insofar as the Plaintiff seeks contribution from Wallace based on the guaranty of the Lease.

### III. CONCLUSION

For the reasons set forth above, this Court concludes that the Motion should be granted insofar as it seeks summary judgment that Wallace lacks standing to bring an indemnity claim against the Plaintiff pursuant to the Purchase Agreement. However, the Motion is denied insofar as it seeks summary judgment on the Plaintiff's contribution claim against Wallace.

An order consistent with these Findings of Fact and Conclusions of Law will be entered on the docket simultaneously with the entry of these Findings of Fact and Conclusions of Law.

Signed on this 26th day of August, 2009.

Jeff Bohm
United States Bankruptcy Judge